JUDGE HARDIN
delivered the opinion of the court.
Tbe appellee sold and conveyed to tbe appellants a tract of land at the price of forty dollars per acre, amounting to |10,575.50, payable in tbe legal-tender currency of tbe United States; tbe deed containing tbe recitals, “two thirds of said sum, $7,050.33-J, in band paid or secured to be paid, and tbe remaining third, $3,525.16-§, to be paid on *131 the 3d day of March, 1868, with six per cent, interest thereon from the 3d day of March, 1867, till paid;” and also the further statement, in another part of the instrument, “ and said Smith hereby retains a lien on said land until all the purchase-money and all the interest that may accrue thereon is paid.”
It. appears that only one third of the purchase-money was paid at the time, and two notes for $3,525.16-f each were executed to Smith for th'e residue; the notes stipulating that they were to be paid “in legal-tender greenback money; and should it depreciate, and the exchange is above one dollar and forty cents, then we are to make it good to him at one dollar and forty cents.”
Upon these notes, a small amount only having been paid on one of them, this suit was brought, the petition asserting a lien on the land for both notes, and praying a judgment to enforce it.
The defendants having been duly summoned, and failing to answer the petition, the plaintiff moved the court to submit the cause for trial, with the statement of record that he elected to receive in discharge of the judgment which might be rendered in his favor l£ legal - tender greenback money; ” and if a sale should have to be made of the land to satisfy the judgment, the sale should be for “that kind of money.” The defendants appeared and objected to this motion, which was however sustained, and they excepted to the decision of the court.
The court determined that a lien existed on the land for the amount of each of said notes, aiM adjudged a sale of the laud for their payment, the sale to be made for the currency which the plaintiff, had elected to receive, and the sale bonds to be taken and indorsed accordingly.
The appellants now seek a-reversal of the judgment on two grounds: first, that the court ei*red in adjudging that *132 the plaintiff had a lien on the land for any part of his debt except $3,525.16-f, with interest thereon; second, that the court erred in allowing said election of the plaintiff' to be entered of record, and in conforming the judgment to it.
According to section 26, chapter 80, Revised Statutes, as it has been expounded, the recital in the deed first set out was clearly insufficient to preserve the vendor’s lien, except for the last installment of $3,525.16f. But it is argued for the appellee that the express stipulation that a lien was retained on the land until all the purchase-money and interest should be paid was amply sufficient for that purpose, independent of the previous recital.
Whether a court of equity would uphold this provision of the deed in a contest between the vendor and a third party need not be here decided. No sufficient reason is perceived why it should not be enforced as the contract of the parties in this case. As we construe said section 26, chapter 80, Revised Statutes, it does not prohibit any express contract reserving a lien; but only declares, in effect, that the grantor’s lien for unpaid purchase-money shall not be implied by law “ unless it be expressly stated in the deed what part of the consideration remains unpaid.”
Respecting the second ground of objection to the judgment, it is deemed sufficient to say that the court properly treated the stipulation for the payment of the notes in the circulating currency of the country not as a mere covenant for the delivery of property, but as a contract to be discharged with that particular medium which the parties themselves had chosen to recognize as the equivalent of money, although, according to the decisions of this court, not legally a substitute for coin as a tender in the payment of debts.
*133 But if the contract should be regarded as a mere stipulation for the payment of a commodity or particular kind of property, yet a specific compliance being required in a court of equity, and it not appearing that an enforced performance of the contract would be oppressive or more inconvenient to the obligors than to make compensation to the plaintiff in damages for the breach of the contract, we perceive no valid ground of objection to the judgment to compel such a performance.
Wherefore no error appearing in the judgment it is affirmed.