### W. G. Eaker *v.* Amos West, et al.

**Record of Deeds—Notice.**

When a deed is legally lodged for record all persons from that time are presumed to have notice of all the stipulations of that deed affecting the title conveyed by it.

### APPEAL FROM GRAVES CIRCUIT COURT.

#### November 30, 1877.

Opinion by Judge Cofer:

The fi. fa. under which West purchased was issued May 23, 1874, and levied on the same day, and the land was sold September 21, 1874.

The deed of W. G. Eaker to John Eaker for the 80-acre tract bears date April 14, 1873, and was acknowledged and the tax paid on the same day, and W. G. Eaker proves it was lodged for record on that day, though it has not yet been recorded. The deed from John Eaker to W. G. Eaker was executed on the same day, and was recorded March 27, 1874.

It was the duty of both the sheriff and of one intending to bid at the sale to know what title John Eaker had to the land about to be sold; the deed under which he held the 80 acres now in contest was then legally lodged for record, and both must be presumed to have had notice of all the stipulations of that deed affecting the title conveyed by it.

The deed conveyed the land with general warranty, "retaining a lien forever on it to indemnify me (the grantor) against all danger and hazard of a certain mortgage by John Eaker to The First National Bank of Paducah, and with the understanding that if said bank should at any time seek a foreclosure this 80 acres is to be surrendered to be sold to pay said mortgage before said Saunders's land is sold, and this trade and exchange and conveyance is made on the conditions and covenants set out in said John Eaker's deed to me of this date to do so."

The deed to John Eaker, of even date with the foregoing, was on record when the execution issued. The stipulation we have copied from the deed to John Eaker affected his title. It was in the nature of a condition, and bound John Eaker to surrender the land thereby conveyed to be sold in the room and stead of the land conveyed to him by William, and put it in lien to indemnify the latter in case his land should be sold to satisfy the mortgage to the bank. This deed referred to the deed from William to John, and that deed was on record.

Being put on inquiry by the stipulation in William's deed, it was the duty of all persons dealing with John Eaker in respect to the land, or proposing to purchase it as his property, to pursue the inquiry, and upon a very familiar legal rule West must be charged with the knowledge he would have obtained if he had made the inquiry, which the deed to John Eaker must have suggested to any one interested in knowing the state of the title. If he had consulted the deed of John Eaker, to which reference is made in his deed from William, he would have learned the amount of the mortgage and all the facts necessary to put him fully on his guard.

But it is contended that the deeds do not singly or together create

a valid lien. That there is not a technical purchase money lien may be conceded. But whether valid as a lien for purchase money or not, the parties stipulated, in effect, that the conveyance was made subject to the condition that if William should sustain loss on account of the mortgage to the bank he should be indemnified out of the land he conveyed to his father. This being an express stipulation, its validity does not depend upon the law regulating vendor's liens, but upon the question whether parties to a deed may make express stipulations for a lien in favor of the grantor for the security of anything not strictly purchase money.

In the case of *Ledford v. Smith*, 6 Bush 129, the deed recited that a named sum of the purchase money was unpaid, and that a lien was retained until all the purchase money was paid. It turned out that more than the sum stated in the deed was unpaid, and this court held that the express stipulation, that the lien was retained to secure all the unpaid purchase money, created a lien for the sum unpaid but not specified. It is true that question arose between vendor and vendee, and it is probable the vendor could not have enforced his lien against a purchaser for anything more than the sum named in the deed, because having specified one sum as unpaid, and there being nothing in the deed to show that an additional sum was unpaid, there was nothing to put a purchaser on inquiry.

But the case shows that an express lien, good between the parties, may be retained in a deed in a mode different from that prescribed in the statute, and it follows that such a lien is good against a third person having notice of it, and we have already seen that West must be taken to have had notice, and therefore that his lien is subordinate to the lien of the appellant.

We entertain some doubt whether the transaction between John and W. G. Eaker was a technical exchange entitling the latter to recover the land conveyed to the former, and also whether the ancient doctrine relating to exchanges would now be carried to the extent of enabling one of the parties, who has lost the land received in exchange, to recover from an innocent purchaser the land given for that lost; and regarding the conclusion already reached as disposing of the equities of this case we have deemed it unnecessary to express an opinion upon this latter question.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*W. W. Tice and R. K. Williams*, for appellant.

*L. Anderson*, for appellees.