KENTUCKY ELECTRIC INSTITUTE *v.* MARGARET A. GAINES.

[Kentucky Law Reporter, Vol. 4—398.]

**Sufficiency of Petition on Notes.**

To be sufficient a petition on notes must allege a promise on the part of defendants to pay, and where it is attempted to enforce a lien on property facts must be alleged showing such lien. An allegation that plaintiff has a lien on property is but the conclusion of the pleader.

**Creation of Lien.**

In order to retain a lien on real estate sold there must either be an express written contract between the vendor and vendee or the amount of the unpaid purchase-money stated in the deed, and such fact must be alleged in the petition which seeks to enforce the lien.

APPEAL FROM FRANKLIN CIRCUIT COURT.

November 28, 1882.

OPINION BY JUDGE HARGIS:

The petition fails to allege any promise or agreement by the "Kentucky High School" to pay either of the notes sued on, and it contains no averment of facts, showing that the plaintiff has a lien on the property alleged to have been sold. It merely alleges that the lien exists, which is but the conclusion of the pleader, and the facts authorizing such a conclusion ought to have been stated.

When the supposed deed, which is not even filed with the petition, was made, the Revised Statutes were in force, and in order to retain a lien according to those statutes, there must have been an express written contract between the appellant and appellee, or the amount of the unpaid purchase-money stated in the deed. *Ledford et al. v. Smith,* 6 Bush (Ky.) 129. The petition failed to allege either an express contract to retain a lien, or that the amount of the unpaid purchase-money was stated in the deed, and it did not, therefore, contain any cause of action, either for the notes or for the enforcement of the lien. The petition describes the property as having been deeded to the appellee by Cornelia P. Turnbull, and conveyed by the appellee to the appellant, yet the judgment describes the property decreed to be sold as the property deeded by Mrs. Turnbull to W. A. Gaines, and purchased from him by the appellant. The judgment does not, necessarily, embrace the same

property attempted to be described in the petition. The judgment was not, therefore, authorized by the pleadings and had it been free from error in every other respect, the judgment authorizing execution against appellant for $75, allowed to the commissioner for services he had not done and might never do, was error. The evidence in support of appellant's exception to the commissioner's report of sale shows that there was a misunderstanding between the attorney for the appellant and the attorney for appellee, and, at least, that the appellee's attorney agreed for his client that he would bid her debt, interest and costs against any competing bidder.

The agreement is alleged to have kept appellant and its attorney from taking care to secure a sale for the full value of the property, which the appellee bought for much less than her debt and interest. And as such an agreement was calculated to be misunderstood if made, as appellee alleges, we are of opinion, when considered in connection with the defects of the petition, and the inconsistency between it and the judgment as to the description of the property, that the exception to the commissioner's report should have been sustained and the sale set aside. When the suit was brought no record of the change of the name of the institution, as required by the act authorizing the change, had been made in the county court clerk's office, and for this reason the suit was properly brought against "The Kentucky High School."

Wherefore, the judgment is *reversed,* the sale set aside and cause remanded with directions to allow the appellee to amend her pleadings, and for further proper proceedings.

*W. P. D. Bush, for appellant.*

*Ira Julian, for appellee.*